The opinion of the Court was delivered by
Tilghman C. J.
The plaintiff, who is a lumber-merchant, obtained a lien on certain houses now belonging to the de- . . o o fendants, for materials furnished by him for the building the said houses. The plaintiff’s claim was filed in the office of the clerk of the District Court for the city and county of Philadelphia, within six months from the time of furnishing the materials, and the question is, whether his lien expires at the end of five years from the time of filing his claim. The case depends upon the act of 17th March, 1806, by which the lien was created. The act establishes the lien, without limitation, except in one case, that is to say, the lien shall continue but two years from the commencement of the building, unless an action for the recovery of the debt be instituted, or the claim filed, within six months after furnishing the *50 materials, in the office of the prothonotary of the county. In this cáse, the claim was filed within the prescribed time ; of consequence the lien is indefinite in duration. The defendants suppose, that this lien is in the nature of a judgment, and must therefore be subject to the limitation of five years, as judgments are, by the act of 4th April, 1798. But it is not a judgment, nor has it any resemblance to a judgment, except that it binds the buildings for which the materials were furnished. To infer from this slight circumstance, that the lien on buildings is subject to the same limitation as the lien of a judgment, without one word in the act of assembly to warrant it, would be assuming the power of legislation rather than of construction. It is therefore the opinion of the Court, that the plaintiff’s lien does not expire at the end of five years.
Judgment for the plaintiff.